## THE STATE *vs.* JOHN CONLAN.

New Haven and Fairfield Cos., April T., 1891. ANDREWS, C. J., CARPEN-
TER, LOOMIS, SEYMOUR and TORRANCE, Js.

The right of a judge to hold a court over which he presides can be tried
only in a direct proceeding wherein he is either a plaintiff or a defend-
ant, and not in any collateral way.

[Argued April 22d—decided May 25th, 1891.]

APPEAL from a conviction in a criminal case in the Court
of Common Pleas of New Haven County, on the ground that
the judge holding the court did not legally hold the office of
judge.   The case is fully stated in the opinion.

*D. Callahan*, for the appellant.

*G. H. Gunn* and *W. H. Ely*, for the State.

ANDREWS, C. J.   The defendant was prosecuted before
the City Court in the city of New Haven for an assault on
one Patrick Donnelly, and was found guilty.   He then ap-
pealed to the Criminal Court of Common Pleas in that
county.   The case came on for trial in the latter court on
the seventh day of April, 1891, when he filed a plea to the
jurisdiction, alleging that "the Hon. Lucius P. Deming,
who assumes to preside as judge of said court, is not a
judge of the Court of Common Pleas for said New Haven
County, because his term as a judge of the Court of Com-
mon Pleas for New Haven County expired on April 1st,
1891, he having been appointed by the General Assembly of
the state of Connecticut for the term of four years from

and after April 1st, 1887, and said Deming has not been re-appointed to said office." The prosecuting attorney for the state demurred to this plea ; it was overruled, and the defendant filed exceptions. He was then tried, found guilty, and sentenced to pay a fine. He now brings the case to this court by another appeal. It is conceded that the Court of Common Pleas had jurisdiction of the subject matter.

The question raised by the defendant's plea was one that the court could not properly try when presented in that form. It would be unseemly that a party charged with a criminal offense and brought to trial in a court of competent jurisdiction should challenge the authority of the judge holding the court, and compel him to pass upon his own title to the place. A due regard for the public convenience and security will not permit the authority of any judge by whom a court is held to be disputed in any summary manner. The right of every one acting in an official capacity under the color of and a belief in a lawful authority so to do, requires that the validity of his acts, so far as their validity depends upon his possessing that official character, shall be inquired into and determined only in some proceeding to which he is a party. The right of a judge to hold a court over which he presides can be tried only in a direct proceeding wherein he is either a plaintiff or a defendant, and not in any collateral way. *Plymouth* v. *Painter*, 17 Conn., 585 ; *Douglass* v. *Wickwire*, 19 id., 489 ; *Smith* v. *The State*, id., 493 ; *Brown* v. *O' Connell*, 36 id., 432 ; *State* v. *Carroll*, 38 id., 449 ; *Brown* v. *Lunt*, 37 Maine, 423 ; *McGregor* v. *Balch*, 14 Verm., 428 ; *Petersilea* v. *Stone*, 119 Mass., 465 ; *Sheehan's Case*, 122 id., 445 ; *Commonwealth* v. *Taber*, 123 id., 253.

The demurrer was properly sustained, and there is no error.

In this opinion the other judges concurred.